UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BOB KIMBALL BUILDING & REMODELING, INC., | ) )  ) |
| Plaintiff | ) |
| v. | )    No. 2:16-cv-163-JDL |
| | ) |
| ABRAHAM SHURLAND and ELIZABETH SHURLAND, | ) ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION ON MOTION TO COMPEL ARBITRATION

The plaintiff included in its complaint in this action, removed to this court from the Maine Superior Court (Cumberland County) by the defendant, a motion to compel arbitration.[1] I recommend that the court deny the motion.

The plaintiff contends that the Maine Home Construction Contract, dated November 29, 2014 (the "Contract"), that is at the heart of this action requires the defendants to arbitrate the plaintiff's claims against them. Complaint on Mechanic's Lien and Expedited Motion to Enforce Arbitration ("Complaint") (ECF No. 2-2) at 5. The Contract includes Section 7, entitled "RESOLUTION OF DISPUTE," lists three alternatives following this introductory language: "If a dispute arises concerning the provisions of this Contract or the performance by the parties, then the parties agree to settle this dispute by jointly paying for one of the following[.]" Contract § 7. A list of three alternatives follows, each of which begins with an underlined space for indicating the parties' choice. The copy of the Contract attached to the complaint has an x on the line

---

[1] In this court, such a motion should be filed separately.

1

preceding "Binding arbitration as regulated by the Maine Uniform Arbitration Act, with the parties agreeing to accept as final the arbitrator's decision." *Id.*

In opposition, the defendants assert that Abraham Shurland, the only defendant who signed the Contract, never agreed to any of the three alternatives. Defendants' Opposition to Motion to Compel Arbitration ("Opposition") (ECF No. 6) at 2; Declaration of Abraham Shurland ("Abraham Aff.") (ECF No 6-2) ¶ 2. Abraham Shurland states that he sent a copy of the Contract bearing his signature to the plaintiff and received in return a copy signed by the plaintiff's principal, a true copy of which is attached to his declaration. *Id.* ¶ 4. That copy bears two sets of initials on the page that includes Section 7, one of which, "AS," appears identical on both documents. The other set, which is "BK" throughout the contract attached to the complaint, is "BKimball" on the contract attached to the Abraham Shurland declaration. The Kimball signature on the contract attached to the complaint is followed by a date, which is missing from the contract attached to the declaration.

The contract attached to the declaration is devoid of a choice among the alternatives listed in Section 7. The plaintiff filed no reply to the opposition and has not contested the facts sworn to by Abraham Shurland. On the showing made, I conclude that the parties did not agree to refer to arbitration of any kind any disputes arising under the contract, which this complaint to enforce a mechanic's lien clearly does. Accordingly, I recommend that the motion to compel arbitration be **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this recommended decision within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 7th day of July, 2016.

                                                /s/  John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge