UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BOB KIMBALL BUILDING & REMODELING, INC., | ) ) ) |
| Plaintiff | ) ) |
| v. | )     No. 2:16-cv-163-JDL ) |
| ABRAHAM SHURLAND and ELIZABETH SHURLAND, | ) ) ) |
| Defendants | ) |

*MEMORANDUM DECISION ON MOTION FOR ENTRY OF DEFAULT*

In this mechanic's lien case removed from state court, the defendants move for entry of default against the plaintiff on their counterclaim. Defendants' Request for Entry of Default (ECF No. 13). I grant the motion and direct the clerk to enter default on the counterclaim (included in ECF No. 4).

The defendants' answer and counterclaim were filed on March 28, 2016. ECF No. 4. The plaintiff had filed a motion to compel arbitration on March 11, 2016. ECF No. 3. The parties objected to the scheduling order that was issued on March 29, 2016 (ECF No. 5), and requested a telephone conference to address the effect of the then-pending motion to compel arbitration on the scheduling order. ECF No. 8. That conference was held on April 21, 2016, ECF No. 11, and resulted in a report and order on the same day. ECF No. 12.

During the telephone conference, the plaintiff's attorney requested that all proceedings in this case be stayed pending resolution of the motion to compel arbitration. Report of Hearing and Order re: Scheduling (ECF No. 12) at 1. The defendants' attorney expressed a preference to

1

proceed on a standard course of discovery while the motion was pending. *Id*. The report of the conference provides, in relevant part, as follows:

> After discussion, both attorneys agreed with my suggestion that the parties commence discovery pending the resolution of the motion to compel arbitration, with the terms of the scheduling order remaining in effect, subject to the right of either side to come to the court to seek protection from discovery that is deemed to be beyond the scope of discovery that would be applicable to the proposed arbitration proceeding. These parameters will stay in place until the motion to compel arbitration is resolved, at which time another telephone conference will be held to address scheduling issues, if any, resulting from that resolution.

*Id*/ at 1-2.

The plaintiff has not yet filed an answer to the counterclaim asserted in the defendants' answer, although one was due on April 18, 2016, and despite the filing of the motion for entry of default. The defendants invoke Federal Rule of Civil Procedure 55(a) as the authority for their request that the court now enter default on the counterclaims. The rule provides, in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 12(a)(1)(B) provides that a party must serve an answer to a counterclaim within 21 days after being served with the pleading that states the counterclaim.

The plaintiff opposes the motion, asserting that the report of the telephone conference quoted above established that "[t]he only matter pursuant to the Court Order that was to move forward was discovery." Plaintiff's Objection to Defendant[s'] Request for Entry of Default (ECF No. 15) ¶ 5. This is incorrect; the report and order clearly stated, as quoted above, that the terms of the scheduling order would remain in effect. The plaintiff's request for a stay of all proceedings was not granted. The scheduling order does not mention pleading response dates set by the rules

of civil procedure, and no reasonable reader could interpret the report of the telephone conference to suspend the operation of those rules in any sense.

While it may ultimately prove to be little more than a minor technical matter, Rule 55(a) does require the entry of default on the counterclaim under the circumstances of this case. I emphasize that only a default is to be entered, not default judgment.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of July, 2016.

>   /s/ John H. Rich III
>   John H. Rich III
>   United States Magistrate Judge